

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# Cedric Lightfoot v. USA

Precedential or Non-Precedential: Precedential

Docket No. 08-2602

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cedric Lightfoot v. USA" (2009). *2009 Decisions*. Paper 1277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2602
_____


CEDRIC LIGHTFOOT,
Appellant

v.

UNITED STATES OF AMERICA
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-08-cv-00170
District Judge: The Honorable Jan E. Dubois

_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009


Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge**

_____

*The Honorable Richard G. Stearns, District Judge for the
United States District Court for Massachusetts, sitting by

(Filed:May 7, 2009)

Frank S. Pollock
Brownstein, Vitale & Weiss
1500 John
John F. Kennedy Boulevard
Suite 1020
Philadelphia, PA 19102
*Counsel for Appellant*

Paul W. Kaufman
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-0000
*Counsel for Appellee*

---

## OPINION

---

STEARNS, *District Judge.*

This appeal arises out of the District Court's dismissal of Cedric Lightfoot's Federal Tort Claims Act (FTCA) claim against the United States Postal Service (USPS) for failure to file his claim within the applicable statute of limitations. For the

---

designation.

reasons stated, we will affirm the judgment of the District Court.

## I.

Lightfoot was driving northbound on Broad Street in Philadelphia on October 6, 2004, when he claims to have been sideswiped by a postal van driven by USPS employee Darrell E. Moore.[1] Lightfoot alleges that the accident was caused by Moore's inattentiveness as he attempted a lane change. The contact caused Lightfoot to "violently" collide with a parked vehicle. Lightfoot alleges that he sustained serious personal injuries as well as damage to his car.

On September 19, 2006, Lightfoot submitted an administrative claim to the USPS. Edward Weiss, Lightfoot's attorney, sent the claim by certified mail. Lightfoot demanded $3,790.74 in compensation for property damage and $75,000 for his personal injuries. The USPS denied Lightfoot's claim on or about November 8, 2006. The letter of denial notified Lightfoot that he had six months to file a civil action in the District Court or, alternatively, that he could request reconsideration by the USPS within six months of the date of the denial.

Lightfoot alleges that he sought reconsideration three weeks prior to the deadline by mailing a first class letter to the

---

[1] In his initial claim Lightfoot described himself as both the passenger and driver of the car; however, in his appellate brief he consistently describes himself as the driver.

USPS on April 16, 2007. Lightfoot claims that the letter was sent by his attorneys to Richard Teszner, the Tort Claims Coordinator for the USPS. However, the USPS has no record of having received the letter.[2] Lightfoot filed the instant complaint in the District Court on January 4, 2008.

The USPS moved to dismiss Lightfoot's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The District Court granted the motion, holding that the FTCA requires proof of receipt of a request for reconsideration. For the reasons stated, we will affirm the judgment of the District Court.

## II.

This Court has jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. "The standard of review for subject matter jurisdiction is plenary." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

## III.

The FTCA precludes suit against the United States unless

---

[2]Lightfoot offers the affidavit of attorney Frank Pollock describing the law firm's mailing procedure and his recollection of signing a final copy of the request for reconsideration before giving it to his secretary to be mailed. Teszner also submitted an affidavit. In it, he states that he did not receive Lightfoot's request for reconsideration.

the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied. *See* 28 U.S.C. § 2675(a).[3] The final denial requirement is "jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). After the denial of an administrative claim, the claimant has two options: (1) he may file suit in the District Court within six months of the denial pursuant to 28 U.S.C. § 2401(b);[4] or (2) he may file a request for reconsideration directly

---

[3]28 U.S.C. § 2675(a) provides that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

[4]28 U.S.C. § 2401(b) provides:

[a] tort claim against the United States shall be

with the agency to which the claim was originally made. Regulation 39 C.F.R. § 912.9(b)-(c) sets out the filing requirements for reconsideration of the denial of a claim by the USPS:

> (b) Prior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the postal official who issued the final denial or with the Chief Counsel, National Tort Center, U.S. Postal Service, P.O. Box 66640, St. Louis, MO 63141-0640, for a reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration, the Postal Service shall have 6 months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final Postal Service action on a request for reconsideration

---

forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

shall be effected in accordance with this part.

(c) For purposes of this section, a request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in the office of the official who issued the final denial or in the office of the Chief Counsel, National Tort Center, U.S. Postal Service . . . .[5]

Lightfoot bears the burden of demonstrating subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). Lightfoot alleges that he filed his request for reconsideration on April 16, 2007, and that the District Court erred in refusing to apply the "mailbox rule" to his claim for reconsideration. We disagree.

The plain language of 39 C.F.R. § 912.9(c) is fatal to Lightfoot's contention. The regulation provides that a request for reconsideration is "deemed to have been filed *when received* in the office of the official who issued the final denial . . . ." (emphasis added). "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). In enacting the FTCA, Congress waived immunity for tort claims against the United States and its agencies, including the USPS. *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006). However, the waiver is limited, *see Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 -271(3d Cir. 2006), and is strictly construed in favor of the sovereign. *See Orff v. United States*, 545 U.S. 596, 601-602 (2005).

---

[5]If the USPS denies the request for reconsideration (or allows the request but denies the claim), the claimant may file in District Court six months after the request was filed. *See* 39 C.F.R. § 912.9.

Courts in other jurisdictions have almost uniformly concluded that the term "presented" in the filing of an administrative claim means more than merely mailing the claim. *See Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) (rejecting any presumption that a claim was received where an attorney by affidavit swore that she had sent a request for reconsideration by certified mail); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt."); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (refusing to "accept appellants' invitation to rewrite the [FTCA] and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.'"). The Ninth Circuit recently noted that since *Bailey*, "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006). We now join these sister Courts in rejecting the mailbox rule and holding that a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim, whether on initial presentment or on a request for reconsideration.[6]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6]Lightfoot relies heavily on *Glover v. United States* for the proposition that courts should distinguish between the requirements for initial presentation and a request for reconsideration of a denial of a properly presented claim. *See* 111 F. Supp. 2d 190, 194-195 (E.D.N.Y. 2000). *Glover* is not persuasive. As the Tenth Circuit has noted "[n]owhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself." *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983); *see also Moya*, 35 F.3d at 504.