OPINION
PER CURIAM.
On November 19, 2008, David B. Cassell commenced this action in the United States District Court for the Eastern District of Pennsylvania by filing a pro se complaint, followed soon thereafter by an amended complaint, in which he asserted general claims that the named defendants — the City of Philadelphia, the Social Security Administration (“SSA”), Mercy Catholic Hospital, Hahnemann Hospital, and the Homeless Advocacy Project — had violated his rights. Cassell claimed, for example, that the Philadelphia police had illegally arrested, beaten, and imprisoned him without due process of law, but, as the District Court observed, Cassell provided “no other facts” to support this claim.
On February 10, 2009, the District Court ordered Cassell to file a second amended complaint setting forth basic supporting facts, including dates, the circumstances of the alleged incidents, and other readily available information. With respect to the SSA, which Cassell alleged had “misdiagnos[ed][him] as mentally retarded” and discontinued his benefits, the District Court dismissed the informa pauperis complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because Cassell had failed to exhaust administrative remedies.
Cassell filed letter responses on April 6 and 15, 2009, which were docketed as an amended complaint (technically the second amended complaint) and a supplement thereto. Hahnemann Hospital (identifying itself as Tenet HealthSystem Hahnemann, *613 LLC) moved to dismiss, arguing that the District Court lacked subject-matter jurisdiction and that Cassell failed to state a claim upon which relief can be granted.
On May 7, 2009, the District Court dismissed Cassell’s claims against the City of Philadelphia for failure to state a claim, holding that the two-year statute of limitations had expired for claims under 42 U.S.C. § 1983 because Cassell’s alleged incidents with the Philadelphia police had occurred between July 15, 2003, and January 1, 2006, and Cassell filed his original complaint in November 2008. Noting that Cassell’s remaining claims were brought against private entities, and that any claims he might have against them must arise under state law, the District Court dismissed those claims for lack of federal-question jurisdiction, and also concluded that it lacked diversity jurisdiction.
Cassell timely filed this appeal. We have jurisdiction under 28 U.S.C. § 1291. After a careful review of the record, we will summarily affirm in accordance with Third Circuit Internal Operating Procedure Chapter 10.6.[1]
As the District Court explained, Cassell’s § 1983 claims against the Philadelphia police are governed by Pennsylvania’s two-year statute of limitations for personal injury actions. See Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998). “A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based.” Id.; see also Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (explaining that a cause of action generally accrues when “the plaintiff can file suit and obtain relief’) (quotation marks omitted). Here, the latest of Cassell’s claims is alleged to have occurred on January 1, 2006, when the police allegedly arrested Cassell, beat him, and took him to a hospital. Cassell filed suit well more than two years later, in November 2008. Cassell raises no allegation that would allow the limitations period to begin within two years of the date on which he filed suit. Consequently, the District Court properly dismissed his claims against the City of Philadelphia.[2]
The District Court properly dismissed the remaining claims for lack of jurisdiction. A § 1983 action may be maintained only against a defendant who acts under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Private actors, such as the non-governmental defendants named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Cassell makes no allegation that would even arguably support a claim that the private defendants acted under color of state law in their treatment of Cassell at hospitals and homeless shelters. Because his claims, if any, against these defendants arise under state law, the District Court properly held that it lacked federal-question jurisdiction *614 under 28 U.S.C. § 1331. In addition, Cassell, a Pennsylvania resident, has not established complete diversity of citizenship for purposes of jurisdiction under 28 U.S.C. § 1332. As a result, the claims against the private-party defendants were properly dismissed.
In sum, because this appeal presents “no substantial question,” 3d Cir. IOP Ch. 10.6, we will summarily affirm the District Court’s judgment. The motion by appellee Tenet HealthSystem Hahnemann, LLC, for summary action is granted.

. Our review is plenary review over a dismissal for failure to comply with a statute of limitations, In re Merck & Co., Inc. Sec. Derivative & ERISA Litig., 543 F.3d 150, 160 (3d Cir.2008), as well as over the question of subject-matter jurisdiction, Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir.2009).

. With regard to the only other governmental defendant, the SSA, there appears to no connection between Cassell's claim against the SSA and his alleged civil rights claims against the other defendants. As the District Court observed, insofar as Cassell challenges an SSA decision to discontinue benefits, he has not exhausted administrative remedies, and thus his claim was properly dismissed. See 42 U.S.C. § 405(g).