**Yakov ROKHVARG, Appellant**

v.

**The DEPARTMENT OF COMMUNITY AFFAIRS, State of New Jersey, Joseph V. Doria, Jr., Commissioner; The Township of North Bergen, State of New Jersey, Nicolas Sacco, Mayor.**

No. 09–2786.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 20, 2010.

Opinion filed Feb. 2, 2010.

Yakov Rokhvarg, Cliffside Park, NJ, pro se.

Kirstin Bohn, Esq., Chasan, Leyner & Lamparello, Secaucus, NJ, for Appellee.

Before: SMITH, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Yakov Rokhvarg appeals from an order of the District Court granting the Defen- dants' motion to dismiss his complaint for lack of subject matter jurisdiction pursu- ant to Federal Rule of Civil Procedure Rule 12(b)(1). We will affirm.

## I.

In Rokhvarg's complaint he alleged that the Defendants, two local public officials, conspired to ignore the deterioration of an apartment complex owned and managed by Rokhvarg, thereby jeopardizing the health and safety of the tenants in that complex. Rokhvarg requested the follow- ing relief: 1) that the Defendants be or- dered to immediately relocate the tenants; 2) compensatory damages in the amount of $258,000 for the "intentional physical de- struction" of the complex "as a result of the conspiracy"; 3) compensatory damages in the amount of $50,000 for each tenant "for playing 'Russian Roulette' (A game of probability) with the tenants lives"; and 4) counsel fees [1] and costs.

Defendants moved to dismiss Rokh- varg's complaint, alternatively pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion, finding that even drawing all reasonable inferences in Rokhvarg's favor, "the Complaint raises no federal grounds upon which relief may be granted." The District Court declined to give Rokhvarg leave to amend his com- plaint, determining that any amendment would be futile. The District Court con- cluded that because it was dismissing Rokhvarg's complaint, his "Order to Show Cause with Emergency Safety Relief" was also denied. Rokhvarg appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. *See CNA v. United States,* 535 F.3d 132, 139 (3d Cir.2008). We re-

---

1. Rokhvarg has proceeded with this case pro se from its inception.

view de novo the District Court's grant of a Rule 12(b)(1) motion. *See Lightfoot v. United States,* 564 F.3d 625, 626 (3d Cir. 2009). We review for abuse of discretion the District Court's decision to deny Rokhvarg leave to amend his complaint. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

## III.

We find no error by the District Court in the proceedings below. The jurisdiction of federal district courts is limited: it only can be exercised over civil actions that arise under federal law (i.e., federal question jurisdiction), or those that arise between citizens of different states where the matter in controversy exceeds $75,000 (i.e., diversity jurisdiction). *See* 28 U.S.C. §§ 1331 and 1332(a). For purposes of federal question jurisdiction, a claim arises under federal law if it is apparent from the face of the complaint that the cause of action was created by federal law. *See Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 171 (3d Cir.1997). For diversity jurisdiction, a complainant must plead that he is a citizen of a particular state and that the defendants are citizens of a different state. *See Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt.,* 316 F.3d 408, 410 (3d Cir.2003).

█ The District Court clearly lacked diversity jurisdiction over the parties, all of whom are citizens of New Jersey. In addition, the District Court correctly determined that Rokhvarg's complaint did not advance a cognizable claim under federal law, thus precluding the District Court from exercising federal question jurisdiction. As a result, it was proper for the District Court to grant the Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction. Rokhvarg's contention on appeal that the Defendants should be prosecuted for violations of 18 U.S.C. § 241 (criminalizing conspiracy to impede the exercise of federal rights) is not a cognizable federal claim in a civil suit, *cf. United States v. Philadelphia,* 644 F.2d 187, 199 (3d Cir.1980), and it does not demonstrate that the jurisdictional defects in Rokhvarg's complaint can be ameliorated. Therefore, the District Court did not abuse its discretion when it declined to give Rokhvarg leave to amend his complaint.

Accordingly, we will affirm the District Court's order. Rokhvarg's motions are denied.