OPINION OF THE COURT
PER CURIAM.
Appellants Dom Wadhwa and Sharon Finzie appeal from an August 5, 2009, order of the United States District Court for the Eastern District of Pennsylvania dismissing their complaint without prejudice. For the following reasons, we will affirm the District Court’s order.
I. Background
Because we write solely for the benefit of the parties, we will set forth only those facts necessary for our analysis. Appellants are employed by the Philadelphia Veterans Affairs Medical Center (“PVAMC”). They claim that, on June 26, 2007, certain officials in the Department of Veterans Affairs (“VA”) falsely alleged that Appellants stole PVAMC property and wrongfully ordered Appellants’ arrest. On July 1, 2009, Appellants filed a complaint pursuant to the Federal Tort Claims Act (“FTCA”) against Appellee R. James Nicholson, the Secretary of the VA, claiming that Nicholson is vicariously liable for their wrongful arrest.[1] They seek damages and other forms of relief.
Nicholson moved to dismiss the complaint, arguing that Appellants failed to exhaust their administrative remedies. On August 5, 2009, the District Court granted Nicholson’s motion and dismissed the complaint without prejudice. On August 21, *324 2009, Appellants filed a motion seeking to hold the proceedings in abeyance pending receipt of a final agency decision in the administrative proceedings. The District Court denied the motion.
Proceeding pro se, Appellants timely filed a notice of appeal.
II. Analysis
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See also Erie County Retirees Ass’n v. County of Erie, Pa., 220 F.3d 193, 202 (3d Cir.2000) (a dismissal without prejudice is final and appealable where the order effectively ends the suit). We exercise plenary review over the District Court’s decision to dismiss the complaint. See AT & T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir.2006).
A.
The FTCA waives the sovereign immunity of the United States for certain torts suffered by federal employees acting within the scope of their employment “under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.”[2] 28 U.S.C. § 1346(b)(1). Under the FTCA, an individual must file his or her tort claim with the appropriate federal agency. See 28 U.S.C. § 2675(a); Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir.2009). If the agency denies the claim or fails to resolve it within six months,[3] the claimant may proceed by filing a civil action in District Court. Id.
An agency’s final denial of the tort claim is a jurisdictional requirement that cannot be waived. Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir.2009). Here, Appellants acknowledge that they initiated an administrative action raising their tort claim against Nicholson by filing the “Standard Form 95” with the VA on June 8, 2009. See App’x at 29-33. Appellants also concede that they filed their FTCA complaint in District Court before receiving a final denial of their claim from the VA and before six months had elapsed. See Appellants’ Reply Brief at 5. Thus, there is no dispute that Appellants had not received the necessary final denial of their administrative claim at the time they filed their complaint, See Lightfoot, 564 F.3d at 627.
Because they lacked a final agency denial, Appellants failed to satisfy a jurisdictional prerequisite to initiating a civil action under the FTCA. Id. The District Court therefore properly dismissed Appellants’ complaint.[4] See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).
B.
Appellants contend they prematurely filed this civil action due to a concern that, if they were to await the VA’s *325 decision on their claim against Nicholson, their federal suit could potentially be barred by “the two-year statute of limitations.” See Appellants’ Reply Brief at 1-2. Thus, they argue, the District Court should not have dismissed their complaint, but instead should have held the proceedings in abeyance pending Appellants’ receipt of a final agency decision.
We disagree. The Supreme Court has expressly instructed that “[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.”[5] McNeil, 508 U.S. at 113, 113 S.Ct. 1980. Appellants violated the strict requirement that administrative exhaustion must be complete before a party may institute a civil action in District Court under the FTCA. Id. at 112-13, 113 S.Ct. 1980.
In any event, the Appellants’ concern over the statute of limitations is misplaced. The two-year limitations period to which Appellants refer is set forth in 28 U.S.C. § 2401(b), which provides that an FTCA claim is “forever barred” unless it is “presented in writing to the appropriate Federal agency within two years after such claim accrues....” Id.; see also Santos, 559 F.3d at 193.
Thus, the two-year limitations period does not pertain to the time for Appellants to file their complaint in District Court.[6] Rather, the relevant period for filing a complaint in District Court is set forth in the latter portion of 28 U.S.C. § 2401(b), which provides that administrative exhaustion is necessary to trigger the limitations period. Specifically, a civil action under the FTCA is barred unless it is “begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.” 28 U.S.C. § 2401(b); see also 28 U.S.C. § 2675(a).
As we have already discussed, when Appellants filed the FTCA complaint in the District Court, there had not yet been a final agency denial of their claim against Nicholson. Accordingly, the six-month limitations period had not yet begun to run at the time. See 28 U.S.C. § 2401(b). When the District Court dismissed Appellants’ complaint, it did so without prejudice and with the express recognition that Appellants “may re-file their complaint after the claims contained therein have been properly exhausted.” We agree with the District Court’s disposition. The District Court did not abuse its discretion by denying Appellants’ motion to hold the proceedings in abeyance.
C.
Finally, Appellants claim the District Court erred by failing to order oral argument prior to dismissing the complaint. Under the Federal Rules of Civil Procedure, “[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.” Fed.R.Civ.P. 78(b). The United States District Court for the Eastern District of Pennsylvania has adopted such a rule. Pursuant to Local Rule 7.1(f), “[t]he *326 court may dispose of a motion without oral argument.”
The issues before the District Court on the motion to dismiss were straightforward and clearly presented in the parties’ written submissions. Appellants have failed to cite any authority demonstrating that oral argument was necessary. Under the applicable rules, the District Court acted well within its discretion by declining to hear oral argument in this case.
III. Conclusion
For the foregoing reasons, we will affirm the order of the District Court.

. Appellants filed four District Court actions against Nicholson and other VA officials; those actions were consolidated in October 2007. See Wadhwa v. Nicholson, Civ. Action No. 07-3301 (E.D.Pa.). In April 2009, Nicholson was dismissed as a defendant in the consolidated action. Accordingly, Appellants "filed a new complaint alleging liability on the part of Nicholson under the FTCA arising out of the conduct complained of in action number 07-3301.” See District Court Order, August 5, 2009, at 1 (Docket No. 7). Throughout their submissions in this appeal, Appellants have provided detailed arguments relevant only to the consolidated action. Claims of error in the consolidated action are not properly before us and we therefore will not consider them.

. Under the FTCA, the only party potentially answerable for any alleged injury is the United States. See 28 U.S.C. § 2679(b)(1); CNA v. United States, 535 F.3d 132, 138 n. 2 (3d Cir.2008).

. “The failure of an agency to make final disposition of a claim within six months after it is filed shall ... be deemed a final denial of the claim....” 28 U.S.C. § 2675(a).

. In their reply brief, Appellants argue that “the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims such as ours ... Thus, because our constitutional tort claim is not cognizable under § 1346(b), the FTCA does not constitute our 'exclusive' remedy.” Appellants' Reply Brief at 10. It is unclear from this argument whether Appellants are attempting to present a new theory of liability distinct from their claim under the FTCA. If so, we will not consider such a new claim because Appellants failed to first present it to the District Court. See Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 142 (3d Cir.2001).

. Appellants contend that other Courts have permitted prematurely-filed FTCA complaints to survive dismissal so long as no substantial progress has taken place before the flaw is "cured” by issuance of a final agency decision. However, the United States Supreme Court rejected this approach in McNeil, 508 U.S. at 112, 113 S.Ct. 1980 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). McNeil clarified that administrative exhaustion must be complete before instituting suit, and that this procedural rule is a requirement to which all litigants must adhere. Id. at 113, 113 S.Ct. 1980.

. The issue of whether Appellants timely filed their administrative claim with the VA under 28 U.S.C. § 2401(b) is not before us and we will not address it.