DLD-026                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3301
_____

LARRY TURETSKY,
                                        Appellant

v.

MELISSA AMY SADEK TURETSKY; COUNTY SOLICITOR FOR THE COUNTY
OF BUCKS; ATTORNEY GENENERAL FOR THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-05584)
District Judge:  Honorable Robert F. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 4, 2010
Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed: December 6, 2010)
_____

OPINION
_____

PER CURIAM

        Larry Turetsky appeals from an order dismissing his suit as frivolous under the

Rooker-Feldman doctrine.  We will affirm.

Turetsky is an prisoner in the custody of the Commonwealth of Pennsylvania. On November 8, 2004, he filed for divorce from his wife, Melissa Turetsky, in the Court of Common Pleas of Bucks County, Pennsylvania, Family Division, and requested equitable distribution of assets. Ms. Turetsky filed a petition for spousal and child support on April 13, 2005, after which the court consolidated both matters for hearing and later issued orders on April 24, 2007. Challenging the outcome, Turetsky filed a *pro se* appeal from these orders, which was denied by the Superior Court. Turetsky v. Turetsky, No. 1587 Eastern District Appeal 2007 (Pa. Super. Ct. July 22, 2008). The Pennsylvania Supreme Court declined review. Turetsky v. Turetsky, 962 A.2d 1198 (Pa. 2008) (table).

Proceeding *in forma pauperis*, Turetsky commenced the present suit in the United States District Court for the Eastern District of Pennsylvania in November 2009, alleging that the state courts misapplied the facts, procedures and law, resulting in an "**improper judgment** . . . [that] violated [his] Procedural and Substantive Due Process rights, under the United States Constitution's Fifth and Fourteenth Amendments." Compl. ¶¶ 12–16 (emphasis added). He also described the series of state-court judgments as "an unfair and illegal deprivation of [his] property." Compl. ¶ 3.[1] He prayed for injunctive relief, asking the District Court to enjoin the enforcement of the state judgments and requesting

[1] Turetsky does not clarify the connection between the named defendants—his ex-wife, the County Solicitor of Bucks County, and the Attorney General of the Commonwealth of Pennsylvania—and the complained-of conduct; the actions attributed to Turetsky's "defendants" were taken by the state courts.

2

remand to the trial court for recalculation of support, alimony, and lump-sum amounts. Compl. ¶¶ 17–18.

Via order on July 19, 2010, the District Court *sua sponte* dismissed the complaint as frivolous under 28 U.S.C. § 1915(e). The Court concluded that it "[did] not have subject matter jurisdiction to review State Court decisions under the Rooker-Feldman doctrine." July 19 Order ¶ 3. Turetsky filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's *sua sponte* dismissal under § 1915(e) is plenary, and we must accept as true the allegations of fact established in the complaint along with the reasonable inferences drawn therefrom. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We also review determinations of subject-matter jurisdiction *de novo*. See Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009). If "no substantial question is presented" by the appeal, we may summarily affirm on any ground supported by the record. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Under the Rooker-Feldman doctrine,[2] a losing state-court party is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994). The doctrine is

---

[2] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

jurisdictional in nature, precluding further federal review.  See Great Western Mining &

Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

Construing the United States Supreme Court's decision in Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280 (2005), we have recently identified four Rooker-

Feldman prerequisites.  First, the federal plaintiff must be a state-court loser; the loss

need not be total, but the plaintiff must have suffered some adverse result.  Second, the

plaintiff must reference injuries caused by the state-court judgment, as distinct from those

caused by, for example, the unconstitutionality of an underlying statute itself.  Third, the

state judgment must antedate the filing of the federal suit.  And fourth, the plaintiff must

essentially be inviting the federal court to review and reject the state-court judgments.  Of

these four factors, the second and fourth are most crucial, as they distinguish between a

challenge to a judgment and a challenge to a rule or law.  See Great Western, 615 F.3d at

166.

All four factors are present here.  Turetsky has suffered a loss in state court, his

complaint refers to the injuries caused by the state-court orders, the state judgment

predated the instant action, and his requested relief is facially an invitation to review that

judgment.

In an attempt to broaden the scope of his complaint, Turetsky asserts on appeal

that the District Court "improperly assumed that the 'claims of Plaintiff's subject matter'

were the county and state Judgments [sic]," arguing that the state policies he challenged

"merely arose out of a Domestic Relations arena" and that the subject matter addressed

4

within was "never previously litigated." Appellant's Arg. in Supp. Of Appeal 1, 3. This attempt to place his suit outside of the boundaries of <u>Rooker-Feldman</u> is unavailing and is undermined by the complaint itself, of which even a liberal reading establishes a specific challenge to the judgment of the state courts and their application of state laws and procedures. Most fatally, his requested relief is, as addressed previously, an explicit demand for a federal court to enjoin the enforcement of a state-court order and to "remand" the action to trial court for recalculation of asset distribution. Granting such a remedy would be appropriate for a state appellate court sitting in review, but not for a federal court exercising original jurisdiction. See <u>Rooker</u>, 263 U.S. at 416.

In summary, we agree with the District Court that Turetsky's complaint is jurisdictionally barred from consideration by <u>Rooker-Feldman</u>. As this appeal presents no substantial issue, we will affirm.