**NOT PRECEDENTIAL**

**BLD-244**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2670
_____

STEPHEN FORTUNE,

                                        Appellant

v.

DOMESTIC RELATIONS YORK COUNTY; JUDGE HARRY NESS;
WILLIAM CONRAD; COLLEN YOUNGER; SANDRA HARDING

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-11-cv-00823)
District Judge:  Honorable Yvette Kane

_____

Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
**July 21, 2011**
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 29, 2011 )
_____

OPINION
_____

PER CURIAM

        Stephen P. Fortune, proceeding pro se, appeals from  an order of the District Court

dismissing his complaint under 28 U.S.C. § 1915(e).  We will affirm.

I.

Fortune filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 against Judge Harry Ness of the York County Court of Common Pleas, the York County Domestic Relations Office, William Conrad, Sandra Harding, and Colleen Younger. His claims arise from an order relating to his failure to pay child support.

As a result of the Defendants' alleged actions, Fortune claims that he was wrongfully incarcerated and that money has been improperly taken from his bank account in order to satisfy a child support arrearage. Fortune sought money damages and requested that criminal proceedings be commenced against the Defendants.

The District Court granted Fortune leave to proceed in forma pauperis and dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e). The Court explained that it did not have subject matter jurisdiction to review the state court judgment at issue by virtue of the Rooker-Feldman doctrine. The District Court also found that Fortune's claim against Judge Ness was barred by the doctrine of judicial immunity, and that he failed to state a claim against the York County Domestic Relations Office. In addition, the Court determined that Fortune failed to allege facts sufficient to demonstrate that Defendants Conrad, Harding, and Younger were state actors or acted under color of state law, as is required to pursue a section 1983 claim. Finally, the Court determined that Fortune's request that criminal charges to be brought against the Defendants was not an appropriate request for relief under section 1983. Fortune filed a timely appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a sua sponte dismissal under § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We also review determinations of subject-matter jurisdiction de novo. Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. See L.A.R. 27.4; I.O.P. 10.6.

III.

The District Court first determined that it lacked jurisdiction over Fortune's complaint under the Rooker-Feldman doctrine, which bars district courts from reviewing certain state court actions. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine will bar a claim in federal court when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

In this case, it is clear that the doctrine's four requirements are met. Fortune argues on appeal that he is entitled to review in federal court because he is a disabled

3

veteran. However, that does not provide a basis for overcoming the jurisdictional bar.

Accordingly, we agree with the District Court that it lacked jurisdiction to review

Fortune's claims.[1] We also agree with the District Court that Fortune's request for

criminal prosecution of the Defendants is not an appropriate request for relief under

section 1983.

As this appeal presents no substantial issue, we will affirm.

---

[1] Because we uphold the District Court's ruling on the grounds already noted, we need not address the District Court's alternative bases for dismissal.