BLD-104                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1734
_____

GARY A. ZIERKE,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00350)
District Judge:  Honorable William J. Nealon
_____

Submitted on Motions to Reopen and to Proceed In Forma Pauperis, and for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  February 10, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gary Zierke, proceeding pro se, filed a notice of appeal from the final judgment of the United States District Court for the Middle District of Pennsylvania in his Federal Tort Claims action. His appeal was dismissed for failure to provide a prison account statement in support of his motion to proceed in forma pauperis ("IFP"). Zierke has now filed a prison account statement and a motion to reopen the appeal. We hereby reopen the appeal and grant his motion to proceed IFP. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See LAR 27.4 and I.O.P. 10.6.

Zierke's amended complaint contained two claims: (1) Bureau of Prisons staff falsified records, leading to his placement in the Special Management Unit ("SMU"); and (2) Bureau of Prisons staff denied his right to observe his religion by denying him the right to pray and denying him items for his medicine bag. Zierke alleged violations of the Federal Tort Claim Act, see 28 U.S.C. §§ 2671-2680, and 18 U.S.C. § 1001 (providing criminal liability for fraud and false statements). The District Court granted the Government's motion for summary judgment, concluding that Zierke had failed to exhaust administrative remedies,[1] and Zierke timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court order granting summary judgment using the same standard that district courts apply: we

---

[1] The District Court did not directly address Zierke's claims that certain Bureau of Prisons officials violated 18 U.S.C. § 1001, but in any event those claims did not state a cause of action, since a private party has no right to enforce criminal statutes. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981).

consider whether the moving party "demonstrate[d] 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Shelton v. Bledsoe, 775 F.3d 554, 559 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

Here the critical issue of fact was whether Zierke had exhausted his administrative remedies. "No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." Shelton, 775 F.3d at 569 (citing, inter alia, 28 U.S.C. § 2675(a)). Exhaustion is a jurisdictional requirement that may not be waived. Id. After the agency denies the claim, the plaintiff has six months in which to file suit in the appropriate District Court. 28 U.S.C. § 2401(b); Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009).

As the District Court noted, the record reflected that Zierke filed three administrative tort claims involving, at least in part, complaints about restriction on his religious practice. The first was filed on March 18, 2013, and was denied by the Northeast Regional Office on May 20, 2013.[2] Because Zierke did not file his complaint within six months of that date, his complaint was untimely as to the claims raised in his

---

[2] Inmate claims under the FTCA are filed in the regional office of the prison where the claim occurred. Federal Bureau of Prisons Program Statement, PS 1320.06, 28 C.F.R. § 543.31. If the Regional Office denies the claim, the inmate may either ask for reconsideration or file suit in the appropriate United States District Court, "as not further administrative action is available." PS 1320.07, 28 C.F.R. § 543.32.

3

first administrative tort action.[3]  And even if there were reason to toll the six-month period, see Santos ex rel. Beato v. United States, 559 F.3d 189, 194-97 (3d Cir. 2009) (equitable tolling may apply to FTCA statute of limitations), we need not remand for consideration of whether tolling should apply, as his administrative tort claim did not allege any physical injury resulting from restrictions on his religious practice.  See 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while . . . serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."). Further, to the extent Zierke claimed a violation of his constitutional rights, constitutional torts are not cognizable under the FTCA.  F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994).

Zierke filed a second administrative tort claim, but he withdrew it, and thus he did not exhaust administrative remedies as to those claims.  And Zierke's third administrative tort claim could not serve to exhaust the claims of his complaint as it was filed *after* he filed his complaint in the District Court.  See McNeil v. United States, 5008 U.S. 106, 112 (1993) (exhaustion that occurs after a complaint is filed does not satisfy requirements of FTCA).  And in any event, neither of those administrative tort actions alleged that Zierke experienced physical injury stemming from the restriction of his religious practice.

---

[3] Zierke's complaint was dated February 22, 2014, and was filed in the District Court on February 26, 2014.

Finally, the District Court noted that Zierke had not filed any administrative tort claims regarding his placement in the SMU.  In response to the Government's summary judgment motion, Zierke alleged that he had filled out an administrative tort claim form regarding SMU placement and had given it to a second-shift officer at the prison.  He stated that when he received no response, he filed a "tort claim appeal" with the General Counsel's Office, which received it on January 29, 2014.  Zierke submitted a form from the General Counsel's Office, dated February 24, 2014, stating that his appeal of his SMU placement must be presented "formally to our office on a BP-11 form which states the reason for your appeal."  Zierke did not present any evidence in the District Court showing that he complied with that direction.[4]  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Because there was no genuine dispute regarding Zierke's failure to exhaust administrative remedies as to either of his claims, the District Court properly granted the

---

[4] Zierke's claims that he attempted to exhaust an FTCA claim are suspect.  There is no appeal to the General Counsel's Office in an FTCA claim.  PS 1320.07, 28 C.F.R. § 543.32.  The BP-11 form referenced in the General Counsel's response is used to appeal a Regional Director's decision in the Administrative Remedy Program for claims *other than* FTCA claims.  PS 1330.18, 28 C.F.R. § 542.10.  Further, Zierke's January 2014 letter, attached to the General Counsel's response, indicates that he is appealing the decision of the hearing administrator and makes no mention of a tort claim submitted to the Regional Office.

Government's summary judgment motion. We thus will affirm the District Court's

judgment.