**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3084
_____

STEVEN WARREN WHELAN,
Appellant

v.

TANDRA L. DAWSON,
in her personal capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No 3-16-cv-02948)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2017

Before: AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On May 24, 2016, pro se appellant Steven Warren Whelan filed a complaint in the United States District Court for the District of New Jersey challenging an order entered in his divorce proceedings. Specifically, Whelan alleged that, on April 1, 2016, the Honorable Tandra L. Dawson, who is presiding over his divorce proceedings in New York Family Court, violated his constitutional rights by suspending a visitation order that permitted him to see his young daughter. Whelan named Judge Dawson as the defendant in his federal action, and, by way of relief, asked the District Court to allow him "routine visits" with his daughter. Whelan also submitted a motion seeking the same relief in conjunction with the complaint.

On June 28, 2016, following oral argument, the District Court dismissed the complaint for lack of subject matter jurisdiction and denied Whelan's motion. Whelan promptly filed an "emergency motion" for reconsideration, but, by order entered July 7, 2016, the District Court denied relief. Whelan timely appealed.

We have jurisdiction to review the District Court's judgment under 28 U.S.C. § 1291. We exercise plenary review over questions of subject matter jurisdiction. Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009).

Upon review, we agree with the District Court that it lacked jurisdiction over this action. First, although it is not entirely clear from Whelan's submissions whether the state-court order suspending his visitation rights was final, if it was, then the District Court was precluded from reviewing it under the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the

Rooker-Feldman doctrine precludes the exercise of subject matter jurisdiction over actions in which the plaintiff is "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Furthermore, to the extent that Whelan's complaint can be construed as invoking the jurisdiction of 42 U.S.C. § 1983 to obtain injunctive relief against Judge Dawson, the statute itself explicitly bars such relief.  See 42 U.S.C. § 1983 (providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); see also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 199 (3d Cir. 2000) (recognizing "the impropriety of such suits where the judge acted as an adjudicator rather than an enforcer or administrator of a statute.").

Accordingly, we will affirm.