**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2947
_____

CLEVELAND O. BUTLER,
                                        Appellant

v.

FRAN CHARDO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-01233)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cleveland Butler, a Pennsylvania inmate, appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania sua sponte dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction. For the following reasons, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

Butler was convicted in state court of offenses related to a sexual relationship with a juvenile offender who was detained at Butler's place of employment, the Schaffner Youth Center. After his sentence was affirmed on direct appeal, Butler filed a petition under the Post Conviction Relief Act. In the PCRA proceedings, Butler filed a motion for discovery under Pennsylvania Rule of Criminal Procedure 902(E)(1), which provides, in general, that "no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Butler sought allegedly exculpatory "Daily Log/POD Reports" created at the Schaffner Youth Center. The PCRA court denied that discovery motion, viewing it as "an impermissible 'fishing expedition.'"[1] On October 17, 2011, the Pennsylvania Superior Court affirmed the order dismissing the PCRA petition "on the basis of the PCRA court's opinion."[2] Butler's federal habeas petition was unsuccessful.

In June 2018, Butler filed a complaint against Fran Chardo, in his official capacity as the District Attorney of Dauphin County, Pennsylvania. In the complaint, Butler

---

[1] Butler v. Collins, M.D. Pa. Civ. No. 3:11-cv-02170 (ECF No. 12-15, p. 80-81 of 82).

[2] Butler v. Collins, M.D. Pa. Civ. No. 3:11-cv-02170 (ECF No. 12-16, p. 80 of 80).

"challeng[ed] as denying [him] procedural due process, Pennsylvania's Post Conviction Discovery Statute 'as construed' by the Pennsylvania Courts." Compl. at 5. According to Butler, "Pennsylvania Courts have "construed" the statute to "completely" foreclose any prisoner who could have sought discovery prior to trial, but did not, from seeking discovery Post-Conviction." Id. Butler further asserted that, because the term "exceptional circumstances" in Rule 902(E)(1) is "undefined by the State Legislators and the Courts, … it [is] susceptible to arbitrary interpretation, application, and rulings." Id. at 4. He emphasized that he was not challenging the prosecutor's conduct, the effectiveness of his attorneys, or the PCRA's court denial of his motion for discovery. Id. As relief, Butler requested that the District Court declare Rule 902(E)(1) unconstitutional. Id. at 6. He also requested that the District Court order discovery or hold a hearing to determine whether he met the "exceptional circumstances" standard for discovery under Rule 902(E). Id.

The matter was referred to a Magistrate Judge, who recommended that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because it was filed beyond the two-year statute of limitations for actions brought in Pennsylvania under § 1983. Butler filed objections to the Report and Recommendation. The District Court acknowledged that the Magistrate Judge had recommended dismissing the complaint on statute of limitations grounds but issued its own Memorandum based on "a more fundamental flaw with Butler's complaint." In particular, the District Court concluded that it lacked subject matter jurisdiction because Butler's claim was barred by the

3

Rooker-Feldman doctrine. Accordingly, the District Court sua sponte dismissed the complaint with prejudice. This appeal followed.[3]

The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state-court adjudication. The Supreme Court has emphasized the narrow scope of the doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, Butler's complaint, read broadly, alleged in part that he was injured by the state courts' rejection of his discovery motion and asked the District Court to invalidate those decisions. As to those assertions, the District Court properly held that the Rooker-Feldman doctrine applies to bar Butler's claims.

But the Rooker-Feldman doctrine did not deprive the District Court of jurisdiction over Butler's independent claim that Rule 902(E)(1), as construed by the Pennsylvania courts, violated his due process rights by prohibiting discovery in the PCRA proceedings absent exceptional circumstances. The Supreme Court has instructed that, if "a federal plaintiff present[s] [an] independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." Skinner v. Switzer, 562 U.S. 521, 532 (2011) (internal quotation

---

[3] We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Lightfoot v. United States, 564 F.3d 625, 626 (3d Cir. 2009).

4

marks omitted). Therefore, although a state court decision is not reviewable by lower federal courts, a statute or rule governing that decision may be challenged in an independent federal action. Id. at 532-33.

In Skinner, the Supreme Court held that the Rooker-Feldman doctrine did not bar a claim that Texas's DNA access statute, as construed by the Texas courts, was unconstitutional. Id. Notably, Butler's allegations essentially mirror those made by Skinner. In his complaint, which named the district attorney as the sole defendant, Butler claimed that "[i]n failing to allow discovery, … [Rule 902(E)(1),] as construed, deprived [him] of [his] liberty interests in utilizing State procedures to obtain reversal of [his] conviction and/or reduction of [his] sentence, contrary to the principles of the Fourteenth Amendment's Procedural Due Process Clause." Compl. at 5. Similarly, Skinner sued a prosecutor, alleging that Texas's refusal to test DNA evidence "has deprived [him] of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence …." Skinner, 562 U.S. at 530.

Under these circumstances, we conclude, contrary to the District Court, that Butler's claim was not barred in its entirety by the Rooker-Feldman doctrine. We also note that, because success on Butler's claim would not necessarily imply the invalidity of his conviction or sentence, it was properly brought under § 1983. See id. at 534; Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Accordingly, we will affirm the District Court's order in part, vacate it in part, and remand this matter for further proceedings consistent with this opinion. On remand, the District Court is free to revisit the question whether Butler's complaint was filed beyond the applicable statute of limitations and to

5

consider the merits of Butler's claim, if appropriate.  We express no opinion on those

issues.