NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2241
_____

LYNN STROMAN,
                                        Appellant

v.

UNITED STATES of AMERICA

*(Amended pursuant to Clerk's Order dated 7/12/22)
_____

On appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-04400)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
June 12, 2023
_____

Before: PORTER, FREEMAN, and FISHER
*Circuit Judges*.

(Filed: September 22, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Lynn Stroman appeals the District Court's dismissal of his federal tort action with prejudice. He claims personal injuries arising from an alleged collision involving a United States Postal Service (USPS) truck. USPS administratively denied Stroman's claim, at which time he had six months to file suit in federal court. He missed that deadline, filed a second administrative claim, and then commenced litigation before receiving USPS's response to his second claim. The District Court dismissed the action with prejudice. For the reasons that follow, we will affirm.

I

Stroman alleges that on October 6, 2019, he was injured when the parked car in which he sat was struck by a USPS truck. On January 6, 2020, his counsel sent an SF-95 (Standard Form) for a federal tort claim to USPS (the "First Claim"). That form did not contain a sum certain for damages, stating a claim for an amount "in excess of $100,000," which USPS interpreted as damages of $100,000. USPS requested Stroman's medical records and referred the claim to its National Tort Center. On January 26, 2021, USPS denied Stroman's claim in a letter sent via certified mail to his attorney and notified him that he had six months to bring suit in a district court. The certified mail receipt shows that the letter was delivered and signed for on February 8, 2021.

Citing disruptions in mail delivery during the COVID-19 pandemic, Stroman claims that his attorneys never received the letter. When Stroman filed suit on September 14, 2021, (the "First Action") the government filed a motion to dismiss the suit as

2

untimely. The government also brought to the attention of Stroman's counsel the fact that his SF-95 form had not included a sum certain. Stroman then voluntarily dismissed his First Action on October 4, 2021, and on the same day submitted another administrative claim (the "Second Claim") on a second SF-95 form to USPS, stating the amount of his claim as $100,000. Two days later, on October 6, 2021, Stroman initiated a lawsuit (the "Second Action") premised on his submission of the Second Claim.

On October 12, 2021, USPS issued a refusal to consider the Second Claim, as it related to the same events alleged in the First Claim and the issues had already been decided. The government timely moved to dismiss the Second Action, arguing that the court lacked jurisdiction over the Second Action because it was filed prematurely, the Second Claim not yet having been resolved.

II

The District Court dismissed the Second Action for lack of subject-matter jurisdiction because Stroman had not exhausted his administrative remedies for the Second Claim, which was the only basis for the Second Action. J.A. 150 (citing *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009)). It held that any suit based on the alleged October 6, 2019 incident would be untimely under 28 U.S.C. § 2401(b)'s six-month limitations period, and equitable tolling would not be warranted. It therefore concluded that amendment would be futile, so it dismissed the Second Action with prejudice. J.A. 151–54.

We have appellate jurisdiction over all final decisions of the district courts under 28 U.S.C. § 1291. Our review of a district court's grant of a motion to dismiss under Rule

3

12(b)(1) or 12(b)(6) is plenary. *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 529–30 (3d Cir. 2012). We accept as true the facts alleged in the complaint, along with reasonable inferences that can be drawn from those facts. *Keystone Redev. Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011). To state a claim, a plaintiff must offer a short and plain statement of the claim showing that he is entitled to relief, including "allegations plausibly suggesting (not merely consistent with)" such entitlement. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## III

Stroman attempts here, as he did below, to obtain relief via equitable tolling of the six-month limitations period. He argues two grounds for tolling: (1) the absence of a sum certain from his first SF-95 rendered it void, so USPS could not consider it on the merits; and (2) the unique circumstances of COVID-era mail delivery should be treated by this Court as extenuating circumstances.[1]

To receive the benefit of equitable tolling, the claimant must show that extraordinary circumstances prevented him from taking timely action. This requirement is satisfied by demonstrating that (1) the defendant has actively misled him respecting his cause of action; (2) he, in some extraordinary way, has been prevented from asserting his rights; or (3) he has timely asserted his rights mistakenly in the wrong forum. *D.J.S.-W.*

---

[1] To the extent that Stroman argues that equitable tolling could render the Second Action timely, he is incorrect. The Second Action was based on the unexhausted Second Claim, so the District Court was obligated to dismiss the action for lack of jurisdiction; equitable tolling was unavailable. *Lightfoot*, 564 F.3d at 627 ("The final denial requirement is 'jurisdictional and cannot be waived.'" (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971))).

4

*ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). In addition, the claimant must show that he exercised due diligence in preserving his claim. *Id.* (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). Equitable tolling is an "extreme remedy" that is "extend[ed] only sparingly." *Id.* at 752 (citation and quotation marks omitted). "'It is especially appropriate to be restrictive' in extending this remedy 'in cases involving the waiver of the sovereign immunity of the United States,' such as those arising under the FTCA." *Id.* at 750 (quoting *Santos*, 559 F.3d at 197–98).

Stroman does not allege a forum issue nor misleading behavior by the government, so he must allege that he has, in some extraordinary way, been prevented from asserting his rights. *See id.* But neither of his arguments to this end is availing. First, the omission of a sum certain from his first SF-95 did not place it beyond the power of USPS to address and resolve. The inclusion of a sum certain is for the benefit of the government. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 459 (3d Cir. 2010) ("Providing a sum certain claim for damages . . . enables the agency head to determine whether the claim can legally be settled by the agency and, if so, from where the payment should come. Moreover, . . . an agency cannot consider settling a claim if it cannot ascertain the claim's value." (citations omitted)). Failure to include it does not permit negligent filers to make successive or untimely claims.

The cases cited by Stroman do not require otherwise. *See Bialowas*, 443 F.2d 1047; *White-Squire*, 592 F.3d 453. *Bialowas* and *White-Squire* present instances of claimants who brought suit under the FTCA in a district court only to have their suits

5

dismissed for failure to exhaust administrative remedies because the claimants did not properly complete their SF-95s. *Bialowas*, 443 F.2d at 1047; *White-Squire*, 592 F.3d at 456. Neither stands for the proposition that an *administrative* claim filed without a sum certain forecloses its resolution by the agency.

Stroman posits that USPS's denial letter was either delivered late or perhaps delivered to the wrong address. His equitable tolling argument relies on Title VII cases, where time limitations on filing suit are measured from the point of receipt. Appellant Br. 11–12; *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (Title VII time limit runs from date of delivery) (citing 42 U.S.C. § 2000e-16(c)). None stand for the proposition that an alleged inability to identify the signature on a certified mail receipt requires a finding of non-delivery.

In any event, FTCA deadlines run from the date of mailing. 28 U.S.C. § 2401(b); 39 C.F.R. § 912.9(a). Under the statute, a claimant has "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency" to either submit a request for reconsideration to the agency or to file suit against the agency in district court. 28 U.S.C. § 2401(b). The denial letter to Stroman was mailed on January 26, 2021. Stroman, therefore, had until July 26, 2021, to seek reconsideration or file suit. He waited until October 4, 2021, to file his Second Claim—more than eight months from the denial of his First Claim.

Stroman's account of delay or misdelivery fails to satisfy our "restrictive" standard for extending equitable tolling in FTCA suits. *D.J.S.-W.*, 962 F.3d at 750. Generalized claims about the pandemic, without more, are insufficient to warrant

6

equitable tolling and all the more so in suits against the government, where our use of equitable tolling is already more constrained. *See id.*

Nor does Stroman demonstrate that he exercised due diligence in pursuing his claim. At the very least, he could have inquired with USPS directly. He made no efforts to learn the status of his claim by phone, email, or mail correspondence. Instead, he commenced suit after the six-month statute of limitations had expired.

Stroman could not benefit from equitable tolling for any FTCA action arising out of the October 6, 2019 incident. Therefore, the District Court properly dismissed Stroman's FTCA action with prejudice.

*     *     *

We will affirm the District Court's judgment.