PSM-201                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2270
_____

DOM WADHWA, MD;
SHARON A. FINIZIE

Appellants

v.

SECRETARY DEPARTMENT OF VETERANS AFFAIRS;
MARGARET O'SHEA CAPLAN; MARTIN HEYWORTH, M.D.;
MICHAEL GRIPPI, M.D.; JOHN MURPHY, M.D.; CAROL PATTERSON;
LINDA AUMILLER, R.N.; DEPARTMENT OF VETERAN AFFAIRS;
JEFFREY KAUFMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-03301)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2010

Before:  FUENTES, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed October 7, 2010)

_____

OPINION
_____

PER CURIAM

Appellants Dom Wadhwa, M.D., and Sharon A. Finizie, R.N., proceeding pro se, challenge the District Court's dismissal of their claims. For the reasons that follow, we will affirm the judgment of the District Court.

In 2007, Wadhwa, a physician at the Philadelphia Veterans Affairs Medical Center ("PVAMC") in Philadelphia, Pennsylvania, filed four civil actions in the United States District Court for the Eastern District of Pennsylvania against the Secretary of the Department of Veterans Affairs. Two of his complaints were appeals from final agency decisions of the VA regarding Equal Employment Opportunity ("EEO") complaints. See Civ. Nos. 07-2677 & 07-3301 (E.D. Pa.). His third complaint alleged unfair labor practices under 5 U.S.C. § 7116(a)(1) & (a)(4).[1] See Civ. No. 07-2997 (E.D. Pa.). His fourth, in which Finizie, a staff nurse at PVAMC, is a co-plaintiff, alleged that Appellees violated 42 U.S.C. § 1981 and that Appellants had been falsely arrested. In October 2007, the District Court consolidated the four actions into a single proceeding over Wadhwa and Finizie's objections.

---

[1]Wadhwa later indicated that he did not intend to bring an unfair labor practice claim but rather that he meant to bring an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). As it is undisputed that Wadhwa is not a member of any collective bargaining unit covered by a bargaining agreement, he may not seek relief under the Federal Service Labor-Management Relations Statute. See 5 U.S.C. § 7101 et seq.

Appellees argued that all of Appellants' claims were unexhausted except the EEO complaint addressed in Final Agency Decision 2003-0642-2007102108 and, accordingly, that they should be dismissed.[2] After comparing the four civil complaints with the one exhausted EEO complaint, the Court determined that the only employment-related claims raised in any of the consolidated complaints that were exhausted in this grievance were those relating to the January 2006 allegations of patient abuse.[3]

---

[2]The Declaration of Charmaine Jackson, EEO Manager at the United States Department of Veterans Affairs Philadelphia Medical Center, attached as Exhibit B to Appellees' Motion to Dismiss, filed on December 13, 2007, stated: "On July 31, 2007, the VA's Office of Resolution Management (ORM) issued a FAD dismissing plaintiff Wadhwa's ORM Case No. 2003-0642-2007102108 filed on May 7, 2007." Based on the four declarations filed by Appellees in support of their motion, it appears that this is the only EEO grievance exhausted at the time these lawsuits were filed.

[3]The following five claims were exhausted in EEO Complaint No. 2003-0642-2007102108:

> Whether on the basis [of] reprisal for Prior EEO Activity the complainant was subjected to harassment in regards to terms and conditions of employment when:
>
> a. On December 22, 2005, the Patient Advocate sent the complainant an email in which he questioned the complainant's course of action in the treatment of a patient.
>
> b. On January 4, 2006, a patient was scheduled to complainant's clinic with Functional Capacity Assessment forms to be completed by complainant.
>
> c. Fabricated, inaccurate, and untruthful data is being compiled by the Transfer Review Committee for response to complainant's EEO cases when on December 29, 2005, a patient previously assigned to the complainant was reassigned to him, and on January 5, 2006, a patient who is hostile and a substance user was assigned to complainant.

d. On January 10, 2006, the complainant was informed that the Patient Advocate stated that the complainant's not writing a patient an order for incontinent pads was "patient abuse."

e. On January 13, 2006, in regard to a Functional Capacity Assessment, Patient G asked the complainant if he could see anything wrong with his arms as he swung them in the air, and told the complainant that he would see complainant in court.

4

In his EEO complaint and civil complaint filed in Civil No. 07-cv-03301, Wadhwa alleged that in January 2006, he was accused of "patient abuse" by Dr. Murphy and Dr. Grippi and denied pre-complaint counseling based on these charges. The Regional EEO Officer for the Department of Veterans Affairs found that Wadhwa had failed to state a claim as his EEO complaint did not reflect any adverse employment action taken against him as a result of the events complained about. See 29 C.F.R. §§ 1614.107(a)(1) & 1614.103(a). The District Court concluded that the exhausted January 2006 allegation of patient abuse did not rise to the level of an adverse employment action that would dissuade a reasonable person from making or supporting a charge of discrimination. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006). Further, the Court held that it was not "sufficiently severe or pervasive to alter the conditions of [their] employment," and, therefore, did not demonstrate a hostile work environment. See Pa. State Police v. Suders, 542 U.S. 129, 133 (2004) (citation omitted) (alteration in original). By opinion and order dated June 23, 2008, the District Court therefore granted Appellees' motion with respect to Wadhwa's employment-related claims, and denied their motion with respect to Wadhwa and Finizie's Bivens claims.

Appellants filed a "Second Amended Consolidated Complaint" ("SACC") on January 20, 2009, which became the operative complaint in the action. In it, they named as defendants R. James Nicholson, Secretary of the Department of Veterans Affairs; Margaret O'Shea-Caplan, Associate Director of PVAMC; Martin Heyworth, M.D.,

Michael Grippi, M.D., and John Murphy, M.D., Wadhwa's supervisors; Carol Patterson, Vice President for Medicine Service at PVAMC; Linda Aumiller, R.N., Finizie's former supervisor; and Jeffrey Kaufman, Chief of Police at PVAMC. In the SACC, Wadhwa and Finizie argued that their constitutional rights under the First, Fourth, and Fifth Amendments were violated by a series of events occurring in June 2007, with the assent and acquiescence of the named defendants.

Specifically, Wadhwa and Finizie alleged that on Saturday, June 23, 2007, after being observed on camera removing binders and folders from the facility, they were confronted by a VA police officer at their car in the PVAMC parking lot. The officer sought to determine whether the binders and folders contained patient information and, with their consent, reviewed the materials in their car. Upon ascertaining that they did not, they were allowed to leave. On June 26, 2007, Wadhwa and Finizie were taken to the VA Police Holding Room at PVAMC and further questioned by the VA police concerning the June 23 incident in the parking lot. As part of this investigation, the VA police restricted their access to PVAMC after business hours. No charges were filed.

Wadhwa and Finizie further alleged that on February 29, 2008, agency officials "staged an incident in an attempt to arrest [them] for charges of alleged Battery, alleged Assault, and alleged Disorderly Conduct." Finally, on June 27, 2008, a police officer searched a clear plastic bag Wadhwa held while exiting the facility, stating he was looking for patient-related information which it was determined Wadhwa did not have.

6

Wadhwa and Finizie argued that these incidents demonstrated that Appellees authorized their false arrest, portrayed them in a false light, had them falsely imprisoned and subjected to defamation per se, slander per se, libel per se, intentional infliction of emotional distress and severe mental anguish, attempted battery, attempted assault, disorderly conduct, search and seizure under false pretenses, and attempted larceny, all in violation of their First, Fourth, and Fifth Amendment rights. They maintained that these "causes of action" demonstrated that they were subjected to a hostile work environment, retaliation, and a pattern and practice of discrimination based on their protected EEO and whistleblower activity.

Appellees moved to strike all allegations in this complaint that were unrelated to Appellants' Bivens action and dismiss R. James Nicholson as a defendant. On April 24, 2009, the District Court granted Appellees' motion, striking all employment discrimination-related and non-Bivens-related tort claims from the SACC and dismissing Nicholson from the action, as Appellants failed to allege any personal involvement by him in any of the incidents underlying their Bivens claims.

In October 2009, Appellees moved to dismiss or, in the alternative, for summary judgment. By opinion dated March 30, 2010, the District Court granted Appellees' motion. As the District Court recounted, while Wadhwa and Finizie alleged that the Appellees "authorized" PVAMC to investigate them and search their belongings and "publicized" these incidents, they did not allege that any of the Appellees were involved

7

in any other capacity, nor did they detail with particularity the individual Appellees'

participation or actual knowledge or acquiescence in any of these events. Additionally,

Appellants did not specify which "agency officials" were involved in the "staged incident"

on February 29, 2008. Finally, the Court noted that Wadhwa and Finizie did not allege

any activity on the part of Appellee Patterson. To the extent that the entire SACC was

based on a theory of respondeat superior, the Court held that it should be dismissed. See

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

In the alternative, the Court held that Wadhwa and Finizie failed to demonstrate

that any of their constitutional rights were violated by any of the actions taken against

them. With respect to their claim that their First Amendment right to free speech was

violated, the Court observed that none of the factual allegations in the complaint

contained any references to their right to free speech or how it was violated.[4] The Court

also rejected their substantive due process claim, as nothing Wadhwa and Finizie

recounted in their SACC "shocks the conscience." See Cnty. of Sacramento v. Lewis, 523

U.S. 833, 846-47 (1998). Additionally, they did not establish a deprivation of a property

or liberty interest without procedural due process. See Bd. of Regents v. Roth, 408 U.S.

564, 576-77 (1972). Rather, prior to the search of their car, their consent was obtained,

and prior to their questioning by the VA Police, they were read their Miranda rights. As

---

[4]To the extent this claim could be construed as referring to a Title VII retaliation claim, those claims were properly dismissed as unexhausted by the District Court's order of April 24, 2009. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).

8

the Court explained, these actions actually appear to conform with, and not violate, due process. Finally, the Court rejected any Fourth Amendment claim Wadhwa and Finizie might have been trying to raise on the ground that none of the Appellees named in the SACC were alleged to have personally searched and seized Appellants' belongings, to have been present during the searches, or to have known about or acquiesced to the incidents. See Rode, 845 F.2d at 1207. Accordingly, the District Court granted Appellees' motion to dismiss. After their motion for reconsideration was denied, Appellants appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant a motion to dismiss de novo. See DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004).

On appeal, Appellants point out what they perceive as the inconsistencies and irregularities with the District Court's various orders and opinions over the course of this litigation. They recount much of their history with PVAMC and its various employees, beginning in 2005, blending their employment, tort, and constitutional claims together to demonstrate the ways they have been wronged by the staff of PVAMC. Unfortunately for Appellants, our review and that of the District Court are limited in several important ways. With respect to their Title VII claims, as the District Court explained, Wadhwa and Finizie were required to properly exhaust their administrative remedies. See Robinson, 107 F.3d at 1020. To do so, an aggrieved federal employee must contact an agency

9

counselor within 45 days of the alleged discriminatory action, <u>see</u> 29 C.F.R. § 1614.105(a)(1), file a formal complaint within 15 days of receipt of notice of the right to file a complaint, <u>see</u> 29 C.F.R. § 1614.106(b), and receive a final agency decision, unless one is not issued within 180 days, before filing suit in federal court. <u>See</u> 29 C.F.R. § 1614.407. Failure to comply with these requirements will result in the dismissal of a civil action. <u>See</u> <u>Robinson</u>, 107 F.3d at 1020-22. While Wadhwa and Finizie clearly disagree with the District Court's decision, they offer no basis on which to refute it.[5] Based on the foregoing, we agree that the District Court properly dismissed the bulk of their employment-related claims as unexhausted and that the remaining claims did not rise to the level of discrimination or retaliation.

We also agree with the District Court's disposition of Appellants' <u>Bivens</u> claims. <u>Bivens</u> provides a mechanism for a plaintiff to seek money damages from a federal defendant for violations of the federal Constitution. <u>See</u> <u>Lora-Pena v. Fed. Bureau of Investigation</u>, 529 F.3d 503, 505 n.1 (3d Cir. 2008). It is not a mechanism for prosecuting non-constitutional tort claims. Wadhwa and Finizie appear to understand this, as they are presently attempting to exhaust their tort claims under the Federal Tort Claims Act. <u>See</u> Civ. No. 09-cv-02602 (E.D. Pa.). Thus, while we express no opinion on the merits of any such claims, the District Court's decision in this case does not preclude the possibility of

---

[5]While Appellants did receive Final Agency Decisions in connection with other EEO complaints, they appealed those complaints to the EEOC and, at the time their civil action was filed in federal district court, 180 days had not yet passed from the date of filing, as is required to be permitted to initiate a civil action. <u>See</u> 29 C.F.R. § 1614.407(d).

relief on Appellants' FTCA claims related to their alleged false arrest. Rather, it concludes that those claims do not rise to the level of constitutional violations under Bivens, and we agree.

We understand that Appellants have had a long and difficult history with PVAMC, that they believe they have been treated unfairly, and that they are seeking resolution. In the instant case, the District Court offered them every opportunity to fairly present their claims and properly concluded that they are without merit. Based on the foregoing, we will affirm the judgment of the District Court.