**Dom WADHWA, M.D., Appellant**

v.

**DEPARTMENT OF VETERANS AFFAIRS.**

No. 11–1781.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 23, 2011.

Opinion filed: Sept. 29, 2011.

---

Dom Wadhwa, MD Moorestown, NJ, pro se.

David E. Dauenheimer, Esq., Susan Handler–Menahem, Esq., Office of United States Attorney, Newark, NJ, for Department of Veterans Affairs.

Before: RENDELL, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Dom Wadhwa appeals from a decision granting summary judgment in favor of the defendant, the Department of Veterans Affairs ("VA"). For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings.

As we write primarily for the parties, we will recount only what is needed to decide this appeal. Through counsel,[1] Wadhwa filed suit on September 18, 2006, claiming that the VA had failed to respond

---

1. Counsel withdrew from the representation two years later, but did not participate in the action after effecting service of the complaint. Wadhwa has proceeded pro se for the remainder of the suit.

to a combined Freedom of Information Act ("FOIA," 5 U.S.C. § 552) and Privacy Act ("PA," 5 U.S.C. § 552a) request he had sent on August 5, 2006; the response time having since passed, he asked the Court to enter an order "[d]irecting the defendant ... to release to the plaintiff a copy of all documents identified by ¶ 5 of this complaint." Two years later, the VA moved to dismiss or in the alternative for summary judgment, arguing that it *had* responded to Wadhwa's FOIA request—informing him that a number of documents were responsive (out of a pool of approximately 2,462)—but that it had received neither an answer nor a payment of the required fees from Wadhwa. Regarding the PA request, the VA had also informed Wadhwa by letter of February 27, 2008, that "the documents ... requested are not contained in a Privacy Act Systems of Records and are, therefore, not available under the Privacy Act. However, the requested documents may be available to you under the [FOIA]."[2] The District Court dismissed Wadhwa's FOIA claim on Article III standing grounds and the PA claim for failure to exhaust administrative remedies. We disagreed with this outcome and remanded the case for further proceedings. *Wadhwa v. VA*, 342 Fed.Appx. 860, 862–63 (3d Cir.2009). On or about December 16, 2009, Wadhwa paid the fee that had been earlier quoted, and shortly thereafter received the product of the VA's FOIA search: 228 pages[3] of documents.

Despite this production of material, the litigation continued. Wadhwa was unsatisfied with the records he received and the level of redaction. He also argued that the VA had still other documents that it was not providing to him. The VA, for its part, moved for summary judgment, con-tending that the FOIA claim was now moot and that it was entitled to summary judgment on both the FOIA and PA claims. The ongoing dispute focused on the propriety of redactions made to the documents that were furnished by the VA, and included the Court-supervised production of a Vaughn index and several telephone conferences.

Ultimately, the District Court granted partial summary judgment in favor of the defendant. It held:

> With regard to the Privacy Act claim, summary judgment for the VA is warranted because the undisputed record demonstrates that the VA has no responsive documents in its Privacy Act system of records. Similarly, to the extent Dr. Wadhwa's FOIA claim is based on his assertion that the VA has documents responsive to his FOIA request that it has not produced, summary judgment for the VA is warranted. Dr. Wadhwa's corresponding cross-motion will be denied as to these claims

Order ¶ 14, Dist. Ct. ECF No. 70. The District Court also partially "denied" summary judgment, ordering the VA to produce unredacted copies of certain documents; that order was later modified pursuant to amendment requests by the VA. Wadhwa appealed.

We have jurisdiction under 28 U.S.C. § 1291. We employ a two-tiered test in reviewing an order of a District Court granting summary judgment in proceedings seeking disclosure under the FOIA: first, we must "decide whether the district court had an adequate factual basis for its determination"; and second, we must "decide whether that determination was clearly erroneous." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d

---

**2.** Wadhwa maintained that neither he nor his attorney ever received the correspondence in question.

**3.** Wadhwa received several additional documents over the course of the litigation.

Cir.2007) (quotations, citations omitted). We will reverse "only if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence[,] or where the district court has misapprehended the weight of the evidence." *Lame v. U.S. Dep't of Justice,* 767 F.2d 66, 70 (3d Cir.1985). This two-tiered standard of review "does not, of course, preclude plenary review of issues of law." *McDonnell v. United States,* 4 F.3d 1227, 1242 (3d Cir.1993).

On appeal, Wadhwa appears to argue three distinct issues: the level of redaction in certain documents provided to him by the VA; the VA's failure to provide certain other documents that were neither redacted nor included in the Vaughn index, but that Wadhwa believes to exist; and the VA's inability to provide unredacted copies of certain documents.[4] He specifically attacks the inadequacy of the VA's search, alleging that the VA has "**not** made a **good** faith effort in its search for the documents I had requested under the FOIA/Privacy Act via my then attorney." *See* Br. of Appellant 11–12 (emphasis in original).

 With regard to the documents produced by the VA, we agree with the District Court that summary judgment was warranted. With respect to documents that were produced, the action is moot. *See OSHA Data/CIH, Inc. v. U.S. Dep't of Labor,* 220 F.3d 153, 168 (3d Cir.

2000). Although Wadhwa argues that he should have received unredacted versions of certain medical files, the District Court reasonably calculated that the level of redaction authorized under the "personnel and medical files and similar files" exemption to the FOIA disclosure requests, *see* 5 U.S.C. § 552(b)(6), balanced the individuals' right to privacy with the purpose of FOIA. *Dep't of the Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. VA,* 135 F.3d 891, 897 (3d Cir.1998). Wadhwa has shown no public interest at all in the preservation of the redacted personal information, which (by the descriptions in the Vaughn index) connects names to medical conditions and procedures, and he has also not shown how the disclosure of that information contributes significantly to the public understanding of the operations of the VA. *Sheet Metal Workers,* 135 F.3d at 897. Therefore, the scale "tips . . . in favor of withholding the redacted material." Op. 6, Dist. Ct. ECF No. 85.[5] Nor is the VA required to produce documents that it does not have—in this case, unredacted versions of documents kept only in redacted form. *Cf. NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 162, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

 However, we disagree with the District Court's decision to grant summary judgment with regard to documents that were *not* produced.[6] The District Court

---

4. Wadhwa also includes information about the underlying disciplinary violation that motivated his FOIA request in the first place. The disciplinary violation is not the subject of this suit.

5. As we agree with the Appellee that the District Court reached "the correct outcome," *see* Br. for Appellee 25, we will not address the Appellee's contention that the Court misinterpreted our holding in *Manna v. U.S. Dep't of Justice,* 51 F.3d 1158 (3d Cir.1995).

6. We do not, despite the VA's urging, read Wadhwa's complaint as seeking simply a response to his document request without regard for the adequacy of the response. To be sure, his complaint, which was counseled, does not draw the liberal construction afforded to pro se complaints, *cf. Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Regardless, the remedy of complete production, which would include disputes over the thoroughness of the search, is certainly within a fair reading of the complaint's plea for the District Court to direct

observed that Wadhwa "continues to assert his belief that the VA has other unspecified responsive documents in its possession that it has not produced, but as the Court explained on the record, Dr. Wadhwa offers nothing to suggest that the documents he believes should have been created ... ever existed in the first place." Order ¶ 11, Dist. Ct. ECF No. 70. This appears to unfairly shift the burden of summary judgment onto Wadhwa. We have followed our sister circuits by holding that, in order to demonstrate the adequacy of its search for documents and in order to merit summary judgment in its favor, an agency "should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched." *Abdelfattah*, 488 F.3d at 182 (internal quotation and citations omitted); *see also Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C.Cir.1983) ("[T]he agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents."). The same search burden applies in both FOIA and PA contexts. *Lane v. Dep't of the Interior*, 523 F.3d 1128, 1139 n. 9 (9th Cir.2008). Applying our two-tiered standard of review, it appears that the District Court should not have granted summary judgment for the VA on the basis of the VA's sworn submissions: two affidavits from Brendan J. Minihan, its PA/FOIA officer, neither of which discussed the search methodology used. The VA's failure to produce an adequate affidavit suggests a legally erroneous outcome below. While Wadhwa's belief in incomplete disclosure is based at least partly on his misreading of the VA's initial correspon-

dence, we conclude that he has received no assurance that the search for documents was adequate, even though all that is required is a detailed, nonconclusory affidavit submitted in good faith by the agency. *Weisberg*, 705 F.2d at 1350–51.

Accordingly, for the foregoing reasons, we will affirm the order of summary judgment as it pertains to the records actually produced, but will vacate and remand with regard to records and documents *not* produced. Wadhwa's request for oral argument is denied as unnecessary.

---

the release of "all documents" it identified. Further, were the complaint ever to have been as narrow as the VA suggests, its ambit has since been constructively enlarged by the District Court's active involvement with the

production of documents, inclusive of the redaction process. We will not, at this late stage of litigation, return to such a constricted reading.