NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2723
_____

DOM WADHWA, MD,
                            Appellant

v.

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-05094)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 27, 2012
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges.

(Filed: November 30, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Appellant Dom Wadhwa, M.D. ("Wadhwa"), proceeding pro se, appeals from

orders entered by the United States District Court for the Eastern District of Pennsylvania

in his suit pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §

2000e-16, granting the Secretary's motions to dismiss, dismissing his original and first

amended complaint without prejudice, and dismissing his second amended complaint with prejudice. For the following reasons, we will affirm.

I.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In 2010, Wadhwa, a physician at the Philadelphia Veterans Affairs Medical Center ("PVAMC") in Philadelphia, Pennsylvania, filed a complaint against the Secretary of the Department of Veterans Affairs, alleging that he was harassed when a nurse complained about him to agency officials and when he was notified that he had to contact the nurse to discuss his performance. Wadhwa further asserted that the PVAMC created a hostile work environment by planning to take disciplinary action against him, planning to place him on a performance improvement plan, and "staging" an unspecified incident on August 19, 2010 to find a nondiscriminatory reason to discipline him. On November 30, 2010, the PVAMC moved to dismiss his complaint for failure to state a claim or, in the alternative, for a more definite statement of Wadhwa's claims. On February 4, 2011, Wadhwa requested leave to amend his complaint to include claims exhausted in an administrative case before the Equal Employment Opportunity Commission ("EEOC"). After oral argument, on February 22, 2011, the District Court granted the PVAMC's motion to dismiss and also gave Wadhwa leave to amend his complaint to include those exhausted claims.

On March 23, 2011, Wadhwa filed an amended complaint, alleging, among claims either previously dismissed or not administratively exhausted, the following properly

2

exhausted allegations: (1) the PVAMC subjected Wadhwa to harassment when the chief of staff discussed retirement plans with him; when Wadhwa learned that another physician had been hired for the position Wadhwa once held; when Wadhwa was accused of failing to follow proper electronic message procedures and was informed that he could be subjected to disciplinary action; and when the chief of staff ignored his request for documentation; and (2) that he experienced retaliation when he learned that he was denied the opportunity to apply for Job Vacancy No. 174-07 (a position as a staff physician in the Emergency Department).[1]  In response, the PVAMC filed a motion to dismiss or, in the alternative, for a more definite statement and to strike for failure to state a claim because Wadhwa included issues outside the scope of the EEOC case.  After oral argument, on September 15, 2011, the District Court dismissed all of Wadhwa's claims except for his claim of reprisal regarding Job Vacancy No. 174-07.  The District Court further ordered Wadhwa to file an amended complaint stating a proper reprisal claim within thirty days.

On November 7, 2011, Wadhwa filed another amended complaint including allegations beyond the scope of his reprisal claim, which the District Court struck it its entirety.  Wadhwa then filed another amended complaint on January 11, 2012 and a correction on January 17, 2012.  In this complaint, Wadhwa alleged that he engaged in protected activity by (1) filing a complaint with the EEOC in December 2004; and (2)

---

[1] These are the same claims for which Wadhwa moved for leave to amend his original complaint prior to the District Court's February 18, 2011 order.

contacting both an equal employment opportunity ("EEO") counselor and the Department's Inspector General's Office ("OIG") regarding employee violations after a June 9, 2006 incident during which he was threatened by a patient. He then asserts that he was retaliated against when he was not selected for a staff physician position posted in Job Vacancy 174-07. The PVAMC filed a motion to strike this amended complaint, which the District Court denied. On February 23, 2012, the PVAMC filed a motion to dismiss the amended complaint, and Wadhwa filed an untimely response on April 20, 2012. On May 7, 2012, the District Court granted the PVAMC's motion and dismissed Wadhwa's amended complaint with prejudice. Wadhwa timely filed this appeal as to the District Court's orders of February 22, 2011, September 15, 2011, and May 7, 2012.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we "exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). When conducting this review, "we must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to "state a claim to relief that is plausible on its face."

4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

III.

**A.     February 22, 2011 Order**

The District Court properly granted the Secretary's motion to dismiss Wadhwa's original complaint.  First, the only proper defendant in a federal employee's Title VII action is the head of the appropriate agency.  42 U.S.C. § 2000e-16; see also Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996).  Accordingly, the District Court properly dismissed the claims against individually named defendants.

Wadhwa's original complaint also failed to state a claim of either retaliation or hostile work environment against the Secretary.  To establish a prima facie case of retaliation under Title VII, a plaintiff must provide evidence that "'(1) []he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against h[im]; and (3) there was a causal connection between h[is] participation in the protected activity and the adverse employment action.'"  Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)).  An adverse employment action refers to "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  Furthermore, the complainant has the burden of stating a prima facie case; if he does, the burden then

5

shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Here, Wadhwa alleges that a nurse complained about him to agency officials and that another PVAMC employee told him that he had to contact the nurse to discuss his performance; however, he does not allege any adverse action as a result of this incident. Furthermore, Wadhwa's claims that agency officials were planning to take disciplinary action against him at some future time and to put him on a performance improvement plan are insufficient to allege an actual harm or adverse action. Additionally, while Wadhwa claims that agency officials "staged" an incident on August 19, 2010 to find a nondiscriminatory reason to propose a disciplinary action against him, he neither describes the incident nor states that any discipline was ever actually imposed.

Wadhwa's original complaint also fails to establish a claim for hostile work environment under Title VII. Because Wadhwa is claiming a hostile work environment based upon his national origin, he must prove that "(1) he suffered intentional discrimination because of his national origin; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him: (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001). Analysis of hostile work environment claims requires an assessment of the totality of the circumstances. Id. at 261; see also Faragher v. City of Boca Raton, 524 U.S. 775, 787-88

6

(1998) (noting that "conduct must be extreme to amount to a change in the terms and conditions of employment").

In his original complaint, Wadhwa alleges that a nurse made a single complaint about his performance over a period of five months. Even assuming that Wadhwa's allegations are true, this is insufficient to constitute the "pervasive and regular" behavior required to sustain a hostile work environment claim. Accordingly, because Wadhwa's original complaint failed to allege facts to state claims of either retaliation or hostile work environment, the District Court properly granted the Secretary's motion to dismiss.

## B.      September 15, 2011 Order

The District Court properly granted in part the Secretary's motion to dismiss Wadhwa's first amended complaint. Regarding Wadhwa's claim that he experienced harassment when another doctor discussed retirement plans with him, Wadhwa admitted that these were discussed in passing, and he never alleged that he was ever presented with any retirement paperwork. Second, Wadhwa has not alleged that he was actually disciplined despite the fact that he continued to send emails in direct contravention of the request for him to stop his non-compliance with the PVAMC's electronic messaging procedures. Third, Wadhwa's claim that he experienced harassment by the doctor ignoring his request for documentation regarding his reassignment to the Compensation and Pension department is belied by the record because Wadhwa admitted to receiving responses to this request from direct supervisors and Human Resources officials. Finally, Wadhwa's last claim alleges a hostile work environment when he learned that another

7

physician had been hired for the position he once held in the Primary Care department. No reasonable employee would consider learning of a former position being filled to be abusive or hostile behavior.[2] In sum, none of these claims demonstrate the "pervasive and regular" behavior necessary to state a claim of harassment under Title VII. See Cardenas, 269 F.3d at 260; see also Faragher, 524 U.S. at 788 (Title VII is not intended to make employers liable for "'the ordinary tribulations of the workplace'").

With regards to Wadhwa's claim that the PVAMC retaliated against him by denying him the opportunity to apply for Job Vacancy 174-07, the District Court properly granted the Secretary's motion for a more definite statement and denied the motion to dismiss as to this claim. A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). As noted by the District Court, the only fully exhausted claim for reprisal in Wadhwa's amended complaint related to Job Vacancy 174-07. However, throughout their pleadings, both Wadhwa and the Secretary repeatedly referred to Wadhwa's non-selection for a position in Primary Care. Accordingly, because of the confusion, the District Court properly granted the Secretary's motion for a more definite statement and allowed Wadhwa leave to file a second amended complaint

---

[2] Wadhwa's actual reassignment from Primary Care was not before the District Court because it was the subject of an ongoing EEOC investigation. Accordingly, the District Court properly separated Wadhwa's claim that he was harassed upon learning that his position had been filled from his actual reassignment.

regarding only his reprisal claim as to Job Vacancy 174-07. <u>Cf.</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## C. May 7, 2012 Order

The District Court properly dismissed Wadhwa's second amended complaint with prejudice. As noted above, the first prong of a prima facie retaliation case requires the plaintiff to demonstrate that he "engaged in activity protected by Title VII." <u>Nelson</u>, 51 F.3d at 386. Title VII defines a protected activity as an instance where an employee has opposed any practice made unlawful or has made a charge, testified, assisted, or participated in an investigation under Title VII. <u>See</u> 42 U.S.C. § 2000e-3(a). "Whether the employee opposes, or participates in a proceeding against, the employer's activity, the employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." <u>Moore</u>, 461 F.3d at 341. In his second amended complaint, Wadhwa alleged that he filed an EEO complaint in 2004 and that he raised concerns regarding security at the PVAMC with the OIG and an EEO counselor after an encounter with a confrontational patient in 2006. Accordingly, Wadhwa adequately pled the first element of a prima facie retaliation case.

For the second prong of a retaliation case, Wadhwa must demonstrate "that a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" <u>Id.</u> (quoting <u>Burlington N. & Santa Fe. Ry. Co. v. White</u>, 548 U.S. 53, 68 (2006)). Here, Wadhwa alleged that he filed an application for

Job Vacancy 174-07, but was neither interviewed nor selected for that position. Accordingly, Wadhwa adequately pled the second element of a prima facie retaliation case because of the adverse hiring decision.

However, we agree with the District Court that Wadhwa insufficiently pled the third and final element of a prima facie retaliation case. Wadhwa needed to demonstrate a causal connection between his protected activity and the adverse action. See Marra v. Phila. Housing Auth., 497 F.3d 286, 300 (3d Cir. 2007). This Court has noted two primary factors for this determination: timing and evidence of ongoing antagonism. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000); see also Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir. 1997) ("[T]emporal proximity . . . is sufficient to establish the causal link . . . . [A] plaintiff can [also] establish a link between his or protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period."). However, the "mere passage of time is not legally conclusive proof against retaliation." Robinson v. SEPTA, 982 F.2d 892, 894 (3d Cir. 1993). A plaintiff can also demonstrate a causal connection through other types of circumstantial evidence. See Farrell, 206 F.3d at 280-81.

Here, approximately a year lapsed between the time when Wadhwa engaged in protected activity in 2006 and when he was not selected for Job Vacancy 174-07. Furthermore, approximately three years passed between his protected activity in 2004 and his non-selection. Standing alone, this is insufficient to establish a causal connection between the protected activity and the adverse action. See, e.g., Clark Cnty. Sch. Dist. v.

10

Breeden, 532 U.S. 268, 273-74 (2001) (citing cases where the passage of three and four months between the protected activity and the adverse action was insufficient, by itself, to establish a causal connection).

"[T]iming plus other evidence [is] an appropriate test where the temporal proximity is not so close as to be 'unduly suggestive.'" Farrell, 206 F.3d at 280 (alteration in original). Here, however, Wadhwa has not identified who was aware of his protected activity in 2004 and 2006, who was responsible for not selecting him for the vacancy, and how his failure to be selected was in any way connected to his protected activity. We disagree with Wadhwa that the fact that he was given no explanation for his non-selection is sufficient to demonstrate a causal connection. Accordingly, the District Court did not err in granting the Secretary's motion to dismiss and dismissing Wadhwa's second amended complaint with prejudice. Furthermore, given the multiple times the District Court allowed Wadhwa leave to amend his complaint, we do not see how any further amendment to Wadhwa's complaint would save his claim. See Phillips, 515 F.3d at 236 ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

IV.

We realize that Wadhwa has had a long and difficult history with the PVAMC.[3] However, the District Court offered Wadhwa many opportunities to fairly present his

---

[3] This is not Wadhwa's first suit against the Secretary and the Department of Veterans Affairs. In 2007, Wadhwa filed four civil actions in the United States District Court for

11

claims and properly concluded that they are without merit. For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's orders granting the Secretary's motions to dismiss and dismissing Wadhwa's final amended complaint with prejudice. The Secretary has filed a motion for leave to file a supplemental appendix, which we grant because the supplemental appendix contains only the documents that were before the District Court that are relevant to this appeal. Furthermore, we deny Wadhwa's motion to supplement his pro se appendix and request for temporary medical leave, which is also construed as a motion to expand the record.[4]

---

the Eastern District of Pennsylvania against the Secretary. Two of these were appeals from final agency decisions of the VA regarding equal employment opportunity complaints. (See E.D. Pa. Civ. Nos. 07-2677 & 07-3301.) His third alleged unfair labor practices under 5 U.S.C. § 7116(a)(1) & (a)(4). (See E.D. Pa. Civ. No. 07-2997.) His fourth alleged a violation of 42 U.S.C. § 1981 and false arrest. The District Court consolidated these four actions into a single proceeding over Wadhwa's objections and granted the defendants' motion to dismiss. (See E.D. Pa. Civ. No. 07-3301.) This Court affirmed that dismissal in 2010. See Wadhwa v. Sec'y, Dep't of Veterans Affairs, No. 10-2270, 396 F. App'x 881 (3d Cir. Oct. 7, 2010). Wadhwa also filed a complaint alleging a violation of the Federal Tort Claims Act. (See E.D. Pa. 2:09-cv-02602). The District Court dismissed the complaint without prejudice, and this Court affirmed the District Court's judgment in 2010. See Wadhwa v. Nicholson, No. 09-3555, 367 F. App'x 322 (3d Cir. Feb. 16, 2010). Wadhwa also has a Freedom of Information Act ("FOIA")/Privacy Act action still pending in the United States District Court for the District of New Jersey (D.N.J. Civ. No. 06-04362), which has resulted in two appeals to this Court. (See Wadhwa v. Dep't of Veterans Affairs, No. 11-1781, 446 F. App'x 516 (3d Cir. Sept. 29, 2011); Wadhwa v. Dep't of Veterans Affairs, No. 09-1835, 342 F. App'x 860 (3d Cir. Aug. 26, 2009).)

[4] Wadhwa's motion is properly characterized as a motion to expand the record because he seeks to introduce a copy of an order entered on August 28, 2012 denying the Department's motion for summary judgment in Wadhwa v. Dep't of Veterans Affairs, D.N.J. Civ. No. 1:06-cv-04362. Because this order has no relevance to the instant appeal, we deny Wadhwa's motion.