**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1588
_____

DOM WADHWA, MD,
                                        Appellant

v.

DEPARTMENT OF VETERAN AFFAIRS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:06-cv-04362)
District Judge:  Honorable Joseph E. Irenas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 5, 2013)
_____

OPINION
_____

PER CURIAM

When this perdurable FOIA/Privacy Act proceeding was last before us, we

decided, in part, that the Department of Veterans Affairs ("VA") had failed to produce a

"detailed, nonconclusory affidavit submitted in good faith" that would warrant granting

summary judgment in its favor.  Wadhwa v. Dep't of Veterans Affairs, 446 F. App'x 516,

519–20 (3d Cir. 2011) (citing <u>Abdelfattah v. U.S. Dep't of Homeland Sec.</u>, 488 F.3d 178, 182 (3d Cir. 2007); <u>Weisberg v. U.S. Dep't of Justice</u>, 705 F.2d 1344, 1350–51 (D.C. Cir. 1983)).  Therefore, although we "affirm[ed] the order of summary judgment as it pertains to the records actually produced," we "vacate[d] and remand[ed] with regard to records and documents *not* produced."  <u>Id.</u> at 520.

Back before the District Court, the VA submitted another motion for summary judgment that contained an updated affidavit.  But this too was judged to be insufficient, as the declaration did not, for example, "state when the second search was conducted" or "the time period covered by the search."  Order Den. Def.'s Mot. for Summ. J. ¶ 5, ECF No. 102.  Although it denied the motion, the District Court explicitly anticipated the filing of another summary judgment request, which would follow shortly thereafter.  To its third attempt, the VA attached another detailed declaration from Brendan Minihan (supplementing his declaration from the second summary judgment motion) that " numerate[d] . . .  the specific offices and individual queried . . . as well as the search terms used in each instance."  Supplemental Decl. of Brendan Minihan ¶ 6, ECF No. 108-2.  Minihan explained that back-up tapes containing emails were not searched,[1] but other locations that were "most likely to contain [responsive] documents" constituted part of the investigation.  Supplemental Decl. ¶ 7–9.  Minihan also articulated the date the search was performed as well as the time period it covered.  Satisfied that the VA had corrected

---

[1] Elsewhere, the VA explained that "restoring all of the VA's email for even a single day would cost over $3 billion and take almost 8,000 years."  Def.'s Statement of Material Facts ¶ 10, ECF No. 108-5.

the shortcomings we identified, the District Court again granted summary judgment in the agency's favor. Wadhwa timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We conclude that the District Court had an adequate factual basis for its summary judgment determination and its decision was not clearly erroneous, because Minihan's combined affidavit sufficed to cure the defect we identified in his first submission (we need not decide whether the second submission would have sufficed standing alone). See Abdelfattah, 488 F.3d at 182; Weisberg, 705 F.2d at 1350–51; see also Alyeska Pipeline Serv. Co. v. U.S. Envtl. Prot. Agency, 856 F.2d 309, 314 (D.C. Cir. 1988). Thus, upon de novo review, we agree that summary judgment was properly granted—and, as a result, we will affirm.[2]

---

[2] In his opening brief, Wadhwa attempts to raise several issues, such as purported defects in the Vaughn index, that were either previously litigated or are not at issue in this appeal. To the extent that he contests the District Court's decision to allow for the filing of multiple motions for summary judgment, Wadhwa has not shown that the District Court abused its discretion in any way by permitting multiple summary judgment motions. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); see also Fed. R. Civ. P. 56(b); Krueger Assocs., Inc. v. Am. Dist. Tel. Co. of Pa., 247 F.3d 61, 65–66 (3d Cir. 2001) (holding that district court appropriately considered post-discovery summary judgment motion despite having denied pre-discovery summary judgment motion); Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79-80 (9th Cir. 1979) (holding that the district court did not abuse its discretion by granting summary judgment despite prior denial of summary judgment by judge previously assigned to the case).